CHADBOURN–CARIBBEAN
INDUSTRIES, Plaintiff,

v.

AUTORIDAD de las NAVIERAS de
PUERTO RICO et al., Defendants.

Civ. No. 75–1284.

United States District Court,
D. Puerto Rico.

March 3, 1977.

**494**

Edwin V. Rosas-Bayonet, San Juan, P.R., for plaintiff.

Paul E. Calvesbert-Borgos, and Jimenez & Fuste, San Juan, P.R., for defendants.

## OPINION AND ORDER

TORRUELLA, District Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment filed on October 13, 1976 based on the contention that since the Puerto Rico Maritime Shipping Authority Tariff No. 1 excludes all risk insurance coverage on used machinery, and the shipper failed to disclose on the bill of lading that the machine object of this suit was used, any insurance purchased on said machinery was void. Plaintiff opposed the Motion and filed its Memorandum in support of opposition. Plaintiff argues that

the above contention does not suffice to relieve Defendant from liability for damage caused to its textile machine while being transported in a trailer handled by Defendants, and that all of the conditions presented under the policy have been performed by Plaintiff or have occurred. Entwined with its argument is a request to enter summary judgment in favor of Plaintiff. Defendants' reply to this purported Motion for Summary Judgment is that it fails to meet the requirements of Local Rule 8(N) and Rule 56 of the Federal Rules of Civil Procedure.

There is no issue as to the following material facts:

Defendant Authority issued bill of lading No. 380–113710 at San Juan, Puerto Rico, for the movement in container No. 530–050 of a textile machine from the port of San Juan, Puerto Rico to the port of Charleston, South Carolina. From July 1971 until at least the date of the shipment, Mr. Joseph Moschella was Plant Manager for Plaintiff, which, in March, 1975, began shipping back to the United States the machinery used at Plaintiff's plan in Puerto Rico. Concerning the machine in question, Mr. Moschella called for information on the shipment, especially the cost of shipping the machine, and put a notation on the bill of lading, and all similar bills of lading, stating "All Risk Insurance."

Tariff No. 1 of the Authority at pages 114 through 118, issued August 1, 1974 and valid until May 4, 1975, was the tariff in effect at the time of the shipment. (See certified copy submitted by Defendants on November 26, 1976). It provides, in part, at p. 115:

"     .     .     .     [U]nless agreed to in writing prior to shipment, the following list of merchandise will NOT be accepted for All Risk Insurance and if requested on the bill of lading contract, the insurance will not be binding on (     ) and the premium will be refunded."

.          .          .          .          .

Machinery, used and/or reconditioned . . ."

Plaintiff did not obtain an agreement in writing prior to the shipment for all risk insurance coverage on the used machinery. The Authority offered to return the premium paid to Plaintiff, which Plaintiff refused. The description of the cargo on the bill of lading does not disclose it as being a used textile machine.

Our review of the material facts reveals as the only issue, whether under the law and the tariff filed with the Federal Maritime Commission by the Puerto Rico Maritime Shipping Authority, a valid policy of all risk insurance covers Plaintiff's shipment.

Under the Shipping Act of 1916, 46 U.S.C. § 801 et seq., and the Intercoastal Shipping Act of 1933, 46 U.S.C. § 843 et seq., the Authority is required to set forth in its tariff all of the terms and conditions evidencing the transportation agreement including actual rates, fares, charges, classifications, rules, regulations and practices of the Puerto Rico Maritime Shipping Authority, as a common carrier by water. These tariff provisions are binding on the carrier and the shipper. See *Lowden v. Simonds-Shields-Lonsdale Grain Co.*, 306 U.S. 516, 59 S.Ct. 612, 83 L.Ed. 953 (1939); *Commonwealth of Puerto Rico v. Sea-Land Service, Inc.*, 349 F.Supp. 964, 971 (D.P.R., 1970). The purpose and extent of the coverage allowed by the tariff is perhaps best explained by quoting part of the tariff covering all risk insurance. Once again, at p. 115, the tariff reads in part:

"2. *All Risks Insurance* :

This coverage is available for approved general merchandise for All Risks Insurance is based on the concept 'merchandise which in and of itself is not prone to damage.' For example, sheet glass is highly prone to breakage and is not eligible for All Risks Insurance."

Subsequently, the tariff enumerates certain classes of objects which do not qualify for this type of insurance. These objects appear somewhat less fragile than plate glass and their specific mention on the list of excluded items leads the Court to conclude, *a fortiori*, that once it is determined that the object is specifically excluded by the tariff from the ambit of all risks insurance, no cause of action may arise therefrom. This conclusion results from the strong statutory policy which requires strict enforcement of these tariffs, in spite of mistake or of the contrary intention of the parties. *Gilbert Imported Hardwoods, Inc. v. 245 Packages of Guatambu Squares*, 508 F.2d 1116 (C.A. 5, 1975); see also *United States v. Pan American Mail Line, Inc.*, 359 F.Supp. 728 (S.D.N.Y., 1972).

Plaintiff avers that Defendants are estopped from raising lack of insurance coverage because of the following: agents of Defendants accepted four other shipments under similar circumstances; the bills of lading with all risk insurance designation on their face were accepted as such, inducing Plaintiff to transport its machinery on Defendants' carriers; and not otherwise informing Plaintiff that no coverage could be given said machinery. We disagree. When a carrier files a tariff with the Federal Maritime Commission, the public at large, including the shipper, is placed on constructive notice of the contents thereof. *Port of Tacoma v. S. S. Duval*, 364 F.2d 615 (C.A. 9, 1966); *United States v. Central Gulf Steamship Corporation*, 340 F.Supp. 473 (E.D.La., 1972), vacated on other grounds 517 F.2d 687 (C.A. 5, 1975). The Plaintiff shipper did not describe the cargo as used textile machinery on the face of the bill of lading. If it had, then the shipper would have known that only marine risk insurance could have been placed on the machinery, save a written agreement to the contrary. Defendants had no way of knowing that used machinery was being shipped. The tariff itself is clear that the remedy under these circumstances is to request refund of the premiums.

We hold, therefore, as a matter of law, the Plaintiff's machinery was not insured under a policy of all risk insurance when the machinery was damaged. This conclusion in no way decides or mitigates the carrier's possible liability for loss or damage arising from negligence or fault, if proven. See 46 U.S.C. § 1303(8).

The Clerk will enter a partial Summary Judgment in favor of Defendants accordingly.

Plaintiff's Motion for Summary Judgment is denied.

IT IS SO ORDERED.